IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Sigma Six Technologies, Inc., et al., | NO. C 08-05633 JW |
| Plaintiffs, | **ORDER DENYING DEFENDANT NAGARRO'S MOTION TO COMPEL ARBITRATION; STRIKING CERTAIN CLAIMS; DENYING ALL OTHER MOTIONS AS MOOT** |
| v. | |
| Nagarro, Inc., et al., | |
| Defendants. | |

## I. INTRODUCTION

Sigma Six Technologies, Inc. ("SST") and Sigma Six Consulting, LLC ("SSC") (collectively, "Plaintiffs") bring this diversity action against Nagarro, Inc. ("Nagarro") and T-Systems Enterprise Services GmbH ("T-Systems") (collectively, "Defendants"), alleging, *inter alia*, breach of contract and misappropriation of trade secrets. Plaintiffs allege that, pursuant to a contractual relationship between the parties, Plaintiffs revealed confidential information to Defendants, which Defendants subsequently misused in violation of the parties' contract and California law.

Presently before the Court is Defendant Nagarro's Motion to Compel Arbitration and Stay Proceedings Pending Arbitration; or, in the Alternative, a Motion to Dismiss Plaintiffs' Claims for Conversion and Tortious Interference with Economic Advantage.[1] (hereafter, "Motion," Docket

---

[1] On March 20, 2009, Plaintiffs filed a Motion to Strike New Arguments in Nagarro, Inc.'s Reply in Support of its Motion to Compel Arbitration or in the Alternative Motion for Leave to File Sur-Reply and Motion to Shorten Time for Briefing and Hearing of their Motion to Strike. (Docket Item No. 29.) The Court did not rely on Defendant's Reply brief in reaching its decision with respect to the issue of compelling arbitration. Accordingly, the Court DENIES Plaintiffs' Motion as moot.

1  Item No. 14.) The Court finds the matter appropriate for submission without oral argument. See
2  Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court DENIES Defendant's Motion to
3  Compel Arbitration, STRIKES certain claims from the Complaint and DENIES all other Motions as
4  moot.

## II. BACKGROUND

In a Complaint[2] filed on December 17, 2008, Plaintiffs allege as follows:

Plaintiff SST provides eBusiness solutions for growing enterprises and Plaintiff SSC provides software and business consulting services. SSC has the exclusive right to license and sell software developed by SST. (Complaint ¶¶ 14-16.) Plaintiffs contracted with Defendant T-Systems for SST to develop several types of infrastructure management software for T-Systems ("ServiceNet"). (Id. ¶¶ 17-21.) SST entered into a contract ("Agreement") with Defendant Nagarro to perform software development services relating to the software SST was developing for T-Systems. (Id. ¶ 23, Ex. B.) The Agreement provided, *inter alia*, that SST would own the intellectual property rights for any software developed pursuant to the Agreement, that Nagarro would not disclose any SST confidential information, and that Nagarro would not directly solicit SST's customers. (Id. ¶ 24.)

In 2004, T-Systems and Nagarro met to discuss how they could deal directly with one another without using Plaintiffs as intermediaries, and how they could do so by taking Plaintiffs' intellectual property without payment. (Complaint ¶¶ 28-30.) Defendants then agreed that T-Systems would directly pay Nagarro for development of ServiceNet software, and that both parties would cease honoring their agreements with Plaintiffs. (Id. ¶ 32.) Since 2006, T-Systems has been directly paying Nagarro for development of ServiceNet. (Id. ¶ 33.) In 2004, T-Systems breached its agreement with SSC, on the basis of a pretext that the ServiceNet software did not conform to the parties'

---

[2] (Complaint for Breach of Contract, Misappropriate of Trade Secrets, Conversion, Unfair Competition, Tortious Interference with Contract, and Tortious Interference with Economic Advantage, hereafter, "Complaint," Docket Item No. 1.)

2

agreement.  (Id. ¶ 40.)  In 2005, Nagarro breached its Agreement with SST, citing alleged non-payment of fees by SST.  (Id. ¶ 42.)

Following breach of its contract, T-Systems began using the ServiceNet software. (Complaint ¶ 45.)  T-Systems obtained the source code for ServiceNet from Nagarro.  (Id. ¶ 48.)  Nagarro breached its Agreement with SST by providing SST's confidential information to T-Systems.  (Id. ¶¶ 52-56.)  T-Systems continues to use ServiceNet software and maintain an ongoing contractual relationship with Nagarro.  (Id. ¶¶ 48-49.)

On the basis of the allegations outlined above, Plaintiffs allege five causes of action, as follows:

| | Cause of Action | Plaintiff | Defendant |
|---|---|---|---|
| 1 | Breach of Contract | SST | Nagarro |
| 2 | Misappropriation of Trade Secrets, Cal. Civ. Code §§ 3426, *et seq.* | SST | Nagarro |
| 3 | Intentional Interference with Contract | SST | T-Systems |
| 4 | Intentional Interference with Contract | SSC | Nagarro |
| 5 | Unfair Competition, Cal. Bus. & Prof. Code §§ 17200, *et seq.* | All | All |

Presently before the Court is Defendant Nagarro's Motion to Compel Arbitration and Stay Proceedings Pending Arbitration; or, in the Alternative, a Motion to Dismiss Plaintiffs' Claims for Conversion and Tortious Interference with Economic Advantage.

### III.  STANDARDS

"A party to a valid arbitration agreement may 'petition any United States district court for an order directing that such arbitration proceed in the manner provided for in such agreement.'" Lifescan, Inc. v. Premier Diabetic Servs., Inc., 363 F.3d 1010, 1012 (9th Cir. 2004) (quoting 9 U.S.C. § 4).  The district court must only determine whether an arbitration agreement exists and whether it encompasses the dispute at issue.  See id. at 1012; see also Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000).  A court interpreting the scope of an arbitration provision should apply ordinary state law principles of contract construction.  See First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995).  "[A]ny doubts concerning the scope

1  of arbitrable issues should be resolved in favor of arbitration." Moses H. Cone Memorial Hospital v.
2  Mercury Construction Corp., 460 U.S. 1, 24-25 (1983). Thus, arbitration should only be denied
3  where "it may be said with positive assurance that the arbitration clause is not susceptible of an
4  interpretation that covers the asserted dispute." AT&T Techs., Inc. v. Commc'n Workers, 475 U.S.
5  643, 650 (1986) (quoting United Steelworkers v. Warrior Gulf Navigation Corp., 363 U.S. 574,
6  582-83 (1960)).

## IV. DISCUSSION

Defendant Nagarro seeks to compel arbitration of Plaintiff SST's claims against it.[3] (Motion at 2.) Defendant contends that the Agreement with SST contains a valid and enforceable arbitration provision ("Arbitration Clause") that covers the subject matter of this action. (Id.) Plaintiffs respond that the claims asserted in this case are not covered by the relevant Arbitration Clause. (Plaintiffs' Opposition to Nagarro's Motion to Compel and/or Motion to Dismiss at 6-7, hereafter, "Opposition," Docket Item No. 23.)

Defendant Nagarro and Plaintiff SST do not dispute that their relationship was governed by the Agreement, which contains an Arbitration Clause. The Arbitration Clause provides, as follows:

> Except with respect to the Sigma's right to pursue remedies relating to any breach by [Nagarro] of any of the provisions of Sections 6.1 and 6.2, any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by final and binding arbitration.

(Complaint, Ex. B § 8.7.) The Arbitration Clause, therefore, specifically excepts from its scope "Sigma's right to pursue remedies relating to any breach by [Nagarro] of any of the provisions of Sections 6.1 and 6.2" of the Agreement. Sections 6.1 and 6.2 of the Agreement relate to

---

[3] Defendant's Motion is alternatively brought as a motion to dismiss Plaintiffs' claims for conversion and tortious interference with economic advantage. Defendant contends that, although these claims are listed on the front of the Complaint, they are not pleaded in the body of the Complaint. (Motion at 7-8.) On March 12, 2009, however, the parties stipulated that these two causes of action were listed on the cover of the Complaint as the result of a typographical error. (See Docket Item No. 25.) Accordingly, the Court STRIKES these causes of action from the Complaint. Defendant's alternative Motion to Dismiss is DENIED as moot.

"Confidentiality"[4] and "Non-Disclosure," respectively. Thus, any claims that Nagarro breached the Confidentiality or Non-Disclosure provision of the Agreement are expressly not subject to binding arbitration. The Court must determine whether the causes of action asserted against Nagarro - breach of contract, misappropriation of trade secrets, intentional interference with contract, and unfair business practices - are subject to the terms of the Arbitration Clause.

First, the claim for breach of contract is entirely based on Nagarro's alleged breach of Sections 6.1 and 6.2 of the Agreement:

> In direct violation of ¶¶ 6.1 and 6.2 of the Nagarro Agreement, Nagarro disclosed SST's confidential information - the ServiceNet software - to T-systems, and also used ServiceNet as the basis for further software development based directly on Service Net.

(Complaint ¶ 55.) Indeed, the remainder of the breach of contract allegations relate exclusively to breach of the Confidentiality and Non-Disclosure provisions. (See id. ¶¶ 51-60.) Since breach of these provisions is expressly exempted from the scope of the Arbitration Clause, the Court finds that there is no basis to compel arbitration of Plaintiffs' breach of contract claim.

Second, Plaintiffs' claim for misappropriation of trade secrets similarly is not subject to the Arbitration Clause. The allegations in Plaintiffs' trade secret claim essentially mirror those in their breach of contract claim. (See Complaint ¶¶ 62-67.) Plaintiffs have thus chosen to proceed by bringing alternative causes of action based on the same alleged improper use of their confidential information. As discussed, claims relating to breach of the Confidentiality and Non-Disclosure provisions are not covered by the Arbitration Clause. As alleged, Nagarro's misappropriation of trade secrets is substantively equivalent to its breach of those two contractual provisions. Indeed, trade secrets are expressly listed as a category of Confidential Information under Section 6.1 of the

---

[4] Section 6.1 defines "Confidential Information" as including, but not limited to, "information concerning Sigma's operations, products, customers, trade secrets, data processing systems and components, formulae, processes, research, cost data, mechanisms of activity, technical know-how, pricing, software programs (including source code), business plans, personnel, projects in process, finances or any other information designated by Sigma in writing or as Confidential Information, or otherwise subject to reasonable efforts to maintain the secrecy thereof." Sections 6.1 and 6.2 go on to impose numerous strictures on Nagarro's access to and use of SST's Confidential Information.

1  Agreement. It follows that Plaintiffs' trade secret claim is, like their breach of contract claim,
2  exempt from the scope of the Arbitration Clause.

3  Third, neither of Plaintiffs' claims for intentional interference with contract are subject to
4  arbitration under the Agreement. The Third Cause of Action is asserted by Plaintiff SST against
5  Defendant T-Systems, who is neither a party to the Agreement nor a party to the current Motion to
6  Compel Arbitration. There is thus no contractual basis to compel arbitration of the Third Cause of
7  Action. The Fourth Cause of Action is asserted solely by Plaintiff SSC against Defendant Nagarro.
8  Defendant does not contend that SSC was a party to the Agreement. (See Complaint, Ex. B at 1.)
9  Accordingly, the Agreement cannot be used as a basis to compel SSC to arbitrate its claims against
10 Nagarro.

11 Finally, Plaintiffs assert a claim for violation of California's Unfair Competition Law, as
12 codified in California Business & Professions Code §§ 17200, *et seq.* In support of this claim,
13 Plaintiffs allege that Defendants' actions, as detailed throughout the Complaint, "including
14 Nagarro's contracting directly with T-Systems to sell it the ServiceNet software . . . which rightfully
15 belonged to SST and which SSC had an exclusive right to sell . . . constitute unfair and fraudulent
16 business practices." (Complaint ¶ 83.) According to the Complaint, Defendants' alleged
17 misappropriation of trade secrets was also unfair competition. (Id. ¶ 84.) In short, Plaintiffs' unfair
18 competition claim is based on the same alleged conduct that formed the bases for their breach of
19 contract, misappropriation of trade secrets, and intentional interference with contract claims. Since
20 the Court has found that none of these claims are subject to arbitration pursuant to the Arbitration
21 Clause, it follows that the Court cannot compel arbitration of the unfair competition claim.

22 In sum, none of the causes of action asserted against Defendant Nagarro are subject to
23 binding arbitration under the Arbitration Clause. Accordingly, the Court DENIES Defendant's
24 Motion to Compel Arbitration and Stay Proceedings Pending Arbitration.

## V.  CONCLUSION

The Court DENIES Defendant's Motion to Compel Arbitration and Stay Proceedings Pending Arbitration.  Pursuant to the parties' Stipulation, the Court STRIKES Plaintiffs' claims for conversion and tortious interference with economic advantage from the Complaint.  The Court DENIES all other motions as moot.

Dated:  March 26, 2009

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Bruce Charles Piontkowski bpiontkowski@tingleyllp.com
Elise Ruth Vasquez evasquez@ropers.com
Harmeet K. Dhillon harmeet@dhillonsmith.com
Harold Palmer Smith psmith@dhillonsmith.com
Michael J. Ioannou mioannou@rmkb.com

**Dated: March 26, 2009**　　　　　　　　　　　　　　**Richard W. Wieking, Clerk**

　　　　　　　　　　　　　　　　　　　　　　　　　　**By:　/s/ JW Chambers**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Elizabeth Garcia**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Courtroom Deputy**