IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Sigma Six Technologies, Inc., et al., | NO. C 08-05633 JW |
|       Plaintiffs, | **ORDER DENYING DEFENDANT T-SYSTEMS' MOTION TO DISMISS** |
|   v. | |
| Nagarro, Inc., et al., | |
|       Defendants. | |

## I. INTRODUCTION

Sigma Six Technologies, Inc. ("SST") and Sigma Six Consulting, LLC ("SSC") (collectively, "Plaintiffs") bring this diversity action against Nagarro, Inc. ("Nagarro") and T-Systems Enterprise Services GmbH ("T-Sytems") (collectively, "Defendants"), alleging, *inter alia*, breach of contract and misappropriation of trade secrets. Plaintiffs allege that, pursuant to a contractual relationship between the parties, Plaintiffs revealed confidential information to Defendants, which Defendants subsequently misused in violation of the parties' contract and California law.

Presently before the Court is Defendant T-Systems' Motion to Dismiss for improper venue, lack of personal jurisdiction and *forum non conveniens*. (hereafter, "Motion," Docket Item No. 17.) The Court conducted a hearing on May 4, 2009. Based on the papers submitted to date and oral argument, the Court DENIES Defendant T-Systems' Motion to Dismiss.

## II. BACKGROUND

In a Complaint[1] filed on December 17, 2008, Plaintiffs allege, in relevant part, as follows:

Plaintiffs SST and SSC are New York corporations with their principle places of business in New York, New York. (Complaint ¶¶ 2-3.) Defendant Nagarro is a New Jersey corporation with its principle place of business in San Jose, California. (Id. ¶ 5.) Defendant T-Systems is a division of Deutsche Telekom, a German corporation based in Frankfurt, Germany. (Id. ¶ 6.)

SSC contracted with Defendant T-Systems ("T-Systems Agreement") for SST to develop several types of infrastructure management software for T-Systems ("ServiceNet"). (Complaint ¶¶ 17-21.) SST entered into a contract ("Nagarro Agreement") with Defendant Nagarro to perform software development services relating to the software SST was developing for T-Systems. (Id. ¶ 23, Ex. B.) The Agreement provided, *inter alia*, that SST would own the intellectual property rights for any software developed pursuant to the Agreement, that Nagarro would not disclose any SST confidential information, and that Nagarro would not directly solicit SST's customers. (Id. ¶ 24.)

In 2004, Defendants agreed that T-Systems would directly pay Nagarro for development of ServiceNet software, and that both parties would cease honoring their agreements with Plaintiffs. (Complaint ¶ 32.) Since 2006, T-Systems has been directly paying Nagarro for development of ServiceNet. (Id. ¶ 33.) In 2004, T-Systems breached its agreement with SSC, on the basis of a pretext that the ServiceNet software did not conform to the parties' agreement. (Id. ¶ 40.) In 2005, Nagarro breached its Agreement with SST, citing alleged non-payment of fees by SST. (Id. ¶ 42.)

---

[1] (Complaint for Breach of Contract, Misappropriation of Trade Secrets, Conversion, Unfair Competition, Tortious Interference with Contract, and Tortious Interference with Economic Advantage, hereafter, "Complaint," Docket Item No. 1.) Plaintiffs' allegations are summarized in further detail in the Court's March 26, 2009 Order. (See Docket Item No. 32.)

Following breach of its contract, T-Systems began using the ServiceNet software. (Complaint ¶ 45.) T-Systems obtained the source code for ServiceNet from Nagarro. (Id. ¶ 48.) Nagarro breached its Agreement with SST by providing SST's confidential information to T-Systems. (Id. ¶¶ 52-56.) T-Systems continues to use ServiceNet software and maintain an ongoing contractual relationship with Nagarro. (Id. ¶¶ 48-49.)

On the basis of the allegations outlined above, Plaintiffs allege five causes of action, as follows:

| Cause of Action | | Plaintiff | Defendant |
|---|---|---|---|
| 1 | Breach of Contract | SST | Nagarro |
| 2 | Misappropriation of Trade Secrets, Cal. Civ. Code §§ 3426, *et seq.* | SST | Nagarro |
| 3 | Intentional Interference with Contract | SST | T-Systems |
| 4 | Intentional Interference with Contract | SSC | Nagarro |
| 5 | Unfair Competition, Cal. Bus. & Prof. Code §§ 17200, *et seq.* | All | All |

Presently before the Court is Defendant T-Systems' Motion to Dismiss.

### III. STANDARDS

**A.  Improper Venue**

Pursuant to Federal Rule of Civil Procedure 12(b)(3), a complaint may be dismissed if it is brought in an improper venue. The plaintiff bears the burden of showing that venue is proper in the chosen district. Koresko v. Realnetworks, Inc., 291 F. Supp. 2d 1157, 1160 (E.D. Cal. 2003); McCaskey v. Continental Airlines, Inc., 133 F. Supp. 2d 514, 523 (S.D. Tex. 2001); American Homecare Fed'n v. Paragon Sci. Corp., 27 F. Supp. 2d 109, 112 (D. Conn. 1998).

Unlike a motion to dismiss for failure to state a claim under Rule 12(b)(6), the pleadings need not be accepted as true and the court may consider supplemental written materials and consider facts outside of the pleadings in deciding a Rule 12(b)(3) motion. Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1337 (9th Cir. 2004); Walker v. Carnival Cruise Lines, 107 F. Supp. 2d 1135, 1137 n.2 (N.D. Cal. 2000). If genuine contested factual issues are presented, the court is obligated to draw all reasonable inferences and resolve the factual conflicts in favor of the non-moving party.

1 Murphy, 362 F.3d at 1138-1140.  Alternatively, the district court may hold a pre-trial evidentiary
2 hearing on the disputed facts or may deny the motion with leave to re-file if further development of
3 the record would eliminate any genuine factual issues.  Id. at 1139.

4 Where venue is improper, the district court has the discretion to dismiss the case under Rule
5 12(b)(3) or transfer the case in the interests of justice to an appropriate jurisdiction under 28 U.S.C.
6 § 1406(a).  See King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992); District No. 1 Pacific Coast
7 District v. Alaska, 682 F.2d 797, 799 (9th Cir. 1982); Citizens For A Better Environment v. Union
8 Oil Co., 861 F. Supp. 889, 897 (N.D. Cal. 1994).  In determining whether to transfer or dismiss a
9 case, the court may consider:  the applicable statute of limitations, the relative injustice imposed on
10 the parties, whether the suit was filed in bad faith or for harassment, whether the plaintiff has
11 requested or shown an interest in a transfer, and whether the chosen venue was clearly or obviously
12 improper.  See Johnson v. Payless Drug Stores Northwest, Inc., 950 F.2d 586, 588 (9th Cir. 1992).
13 "A determination of improper venue does not go to the merits of the case and therefore must be
14 without prejudice."  See In re Hall, Bayoutree Assocs., Ltd., 939 F.2d 802, 804 (9th Cir. 1991).

15 **B.     Personal Jurisdiction**

16 Motions to dismiss for lack of personal jurisdiction are brought pursuant to Rule 12(b)(2) of
17 the Federal Rules of Civil Procedure.  Although the defendant ordinarily files such a motion, it is the
18 plaintiff that bears the burden of proof as to the necessary jurisdictional facts.  Flynt Distrib. Co. v.
19 Harvey, 734 F.2d 1389, 1392 (9th Cir. 1984) .  However, the plaintiff need only make a prima facie
20 showing that personal jurisdiction exists if the defendant files its motion to dismiss as an initial
21 response.  Data Disc, Inc. v. Systems Technology Assoc., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977).
22 To make a prima facie showing, the plaintiff need only to demonstrate facts that if true would
23 support jurisdiction over the defendant.  Data Disc, 557 F.2d at 1285.  The plaintiff must make a
24 prima facie showing as to each defendant.  Rush v. Savchuk, 444 U.S. 320, 332 (1980).

25 A federal district court may exercise personal jurisdiction to the same extent as a state court
26 of the state in which the district court sits.  Omni Capital Int'l Ltd. v. Rudolf Wolff & Co., Ltd., 484

4

U.S. 97, 108 (1987). Since California courts extend jurisdiction to the very limits of the federal Constitution, federal courts in California need only determine whether the exercise of jurisdiction would comport with due process. See Haisten v. Grass Valley Medical Reimbursement Fund, Ltd., 784 F.2d 1392, 1396 (9th Cir. 1986)

Constitutional due process concerns are satisfied when a nonresident defendant has "certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Later cases have clarified that the minimum contacts must be "purposeful acts." Burger King v. Rudzewicz, 471 U.S. 462, 474 (1985). A long-arm statute may, consistent with constitutional due process, allow assertion of personal jurisdiction over owners and officers of a corporation if a court finds those officers to have sufficient minimum contacts with the forum state. See Davis v. Metro Productions, Inc., 885 F.2d 515, 522 (9th Cir. 1989).

When a defendant's contacts are not sufficiently systematic and continuous for a court to assert general jurisdiction, the Ninth Circuit uses the following test to evaluate a defendant's contacts for purposes of determining whether specific jurisdiction applies:

> (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. (2) The claim must be one which arises out of or results from the defendant's forum-related activities. (3) Exercise of jurisdiction must be reasonable.

Data Disc, 557 F.2d at 1287.

## IV. DISCUSSION

Defendant T-Systems moves to dismiss Plaintiffs' Complaint with prejudice on the following grounds: (1) venue is improper in this district due to a forum selection clause contained in the T-Systems Agreement, (2) the Court lacks personal jurisdiction over T-Systems, and (3) California is an inconvenient forum under the doctrine of *forum non conveniens*. (Motion at 4.) The Court considers each issue in turn.

5

**A.      Forum Selection Clause**

Defendant T-Systems contends that venue is improper in the Northern District of California because of a forum selection clause in the T-Systems Agreement. (Motion at 5.)

"In diversity cases, federal law governs the analysis of the effect and scope of forum selection clauses." Jones v. GNC Franchising, Inc., 211 F.3d 495, 497 (9th Cir. 2000). A forum selection clause is presumptively valid and should be honored absent "some compelling and countervailing reason." Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12 (1972). This is true even when the forum selection clause specifies a forum outside of the United States. See, e.g., id. at 3-4; Argueto v. Banco Mexicano, S.A., 87 F.3d 320 (9th Cir. 1996). A valid forum selection clause may apply to both contractual and tort causes of action if resolution of the tort claim relates to interpretation of the contract. Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 514 (9th Cir. 1988). Third parties to the contract are also subject to the forum selection clause if their conduct at-issue is "closely related to the contractual relationship." Id. at 514 n.5.

A forum selection clause may be mandatory or permissive. Venue is improper only if the clause is mandatory and the action is filed in a venue other than the one specified in the contract. Docksider, Ltd. v. Sea Tech., Ltd., 875 F.2d 762, 764 (9th Cir. 1989). Whether a forum selection clause is mandatory or permissive depends on the court's interpretation of the contract. N. California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1036 (9th Cir. 1995). In addition to the plain language of the forum selection clause, a court may look to the purpose of the clause and construe it in a manner that does not make it superfluous. Frietsch v. Refco, Inc., 56 F.3d 825 (7th Cir. 1995). To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one. Council of Laborers, 69 F.3d at 1037. An agreement that provides disputes "shall be litigated only in" one court is considered mandatory because it restricts venue to that particular court. Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273, 275 (9th Cir. 1984). However, a clause providing that a certain court merely "shall have jurisdiction" is considered permissive because although the clause authorizes

venue in that district, it does not limit venue only to that district.  <u>Hunt Wesson Foods, Inc. v. Supreme Oil Co.</u>, 817 F.2d 75, 77 (9th Cir. 1987).

In this case, the T-Systems Agreement provides as follows[2]:

> § 31   Resolution of Conflicts
>
> § 31.1   In case of disagreements, the Parties will first seek an amicable resolution. . . .
>
> § 31.2   Each Party is entitled to make a proposal for resolving the disagreement for differences of opinion that arise between the parties from the execution, performance or termination of this Agreement, including all contractual documents to the other Party at the level listed in the appropriate Schedule for resolving differences.[3]
>
> § 31.3   Each level has a period of 15 business days for the solution of a conflict.  If the difference cannot be resolved within this period and a resolution plan has not at least been arranged, each Party is entitled to bring the difference of opinion to the next highest level, or after reaching the highest level, to the court with jurisdiction.
>
> § 32   Applicable Law and Place of Jurisdiction
>
> § 32.1   The law of the Federal Republic of Germany applies to the contractual relationship.
>
> § 32.2   Court of Jurisdiction is Hamburg.

(Motion, Ex. B §§ 31-32.)  The forum selection clause does not mandate that any action arising from the T-Systems Agreement be litigated in Hamburg, Germany.  Section 31.3 states that "each Party is *entitled* to bring the difference of opinion . . . to the court with jurisdiction," i.e., Hamburg.  Entitling the parties to bring suit in Hamburg does not require them to do so.  <u>See</u> <u>Hunt Wesson Foods</u>, 817 F.2d at 77.  The forum selection clause of the T-Systems Agreement, therefore, does not limit

---

[2]  The T-Systems Agreement is written in German.  Defendant T-Systems has provided the Court with an English translation that is not disputed by Plaintiffs.  (Motion, Ex. B.)

[3]  The T-Systems Agreement is a "framework agreement" governing various other "Schedules" that serve as components of the overall agreement between T-Systems and SSC.  (Motion, Ex. B § 2.)  However, the T-Systems Agreement does not clarify or identify the terms of the Schedule governing resolution of conflicts, nor do either of the parties provide the Schedule.  Nonetheless, the Court finds that it need not consider the appropriate Schedule to resolve T-Systems' motion.

7

jurisdiction exclusively to Germany. Thus, the Court finds that the forum selection clause is permissive.[4]

Accordingly, the Court DENIES Defendant T-Systems' Motion to Dismiss for improper venue.

**B.     Personal Jurisdiction**

Defendant T-Systems contends that there is no personal jurisdiction over it in this District. (Motion at 7-8.) Plaintiffs' contend that, at a minimum, specific jurisdiction exists over T-Systems in light of certain alleged conduct that T-Systems directed toward this forum. (Plaintiffs' Opposition to T-Systems' Motion to Dismiss at 12-17, hereafter, "Opposition," Docket Item No. 39.)

When evaluating whether a party's contacts with a forum are sufficient to give rise to personal jurisdiction, the plaintiff bears the burden of establishing the first two prongs–purposeful availment giving rise to the claims–which shifts the burden to the defendant to establish that the exercise of personal jurisdiction would be unreasonable. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). Purposeful availment through forum-related activities includes foreign acts that are directed to and have an effect in the forum state. Sinatra v. Nat'l Enquirer, Inc., 854 F.2d 1191, 1195 (9th Cir. 1988).

Here, Plaintiffs allege that T-Systems entered into an agreement with Nagarro, a California-based company, whereby T-Systems paid Nagarro for ServiceNet software indirectly through a German shell company and, "beginning as early as mid-2006, . . . directly to Nagarro." (Complaint ¶¶ 28-33.) T-Systems payments to Nagarro for the software constitutes California-directed conduct, and is part and parcel of the conduct that allegedly induced Nagarro to breach its contract with SST. Thus, the Court finds that Plaintiffs have demonstrated facts that, if true, would support specific jurisdiction over T-Systems.

---

[4] In light of the Court's finding that the forum selection clause is permissive, the Court need not consider whether Plaintiffs' tort claims are subject to the clause under the Ninth Circuit's ruling in Manetti-Farrow v. Gucci America.

As such, T-Systems bears the burden of establishing that the exercise of personal jurisdiction over it would be unreasonable. However, T-Systems fails to make such a showing. T-Systems contends that Plaintiffs have not established any forum-directed conduct because the T-Systems Agreement has no relation to California. (Motion at 8-9.) However, T-Systems' position conflates the issues concerning T-Systems' alleged tortious interference with the Nagarro Agreement and Plaintiffs' allegation that T-Systems violated the T-Systems Agreement as an element of Plaintiffs' tortious interference claim against Nagarro. Thus, the Court finds that T-Systems has failed to show that the exercise of personal jurisdiction would be unreasonable.

Accordingly, the Court DENIES Defendant T-Systems' Motion to Dismiss based on lack of personal jurisdiction.

## C.  Forum Non Conveniens

Defendant T-Systems contends that this case should be dismissed so that it may be litigated in Germany. (Motion at 11-12.)

A court has discretion to decline to exercise jurisdiction if it determines that a foreign forum is more convenient. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 504 (1947). Before dismissing a case on *forum non conveniens* grounds the court must examine: "(1) whether an adequate alternative forum exists, and (2) whether the balance of private and public interest factors favors dismissal." Lueck v. Sundstrand Corp., 236 F.3d 1137, 1143 (9th Cir. 2001). "The defendant bears the burden of proving the existence of an adequate alternative forum." Cheng v. Boeing Co., 708 F.2d 1406, 1411 (9th Cir. 1983).

The existence of an adequate alternative forum depends on whether or not the alternative forum is "so clearly inadequate or unsatisfactory that it is no remedy at all." Leetsch v. Freedman, 260 F.3d 1100, 1103 (9th Cir. 2001). An alternative forum is generally adequate if the defendant is amenable to service of process in the alternative forum. Id. (quoting Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd., 61 F.3d 696, 701 (9th Cir. 1995)). However, a court must also consider the alternative forum's "competency to decide the legal questions involved." Id. A showing of

9

1  competency "requires the defendant to establish that the foreign forum's laws provide potential
2  redress for the injury alleged; the fact that the substantive law may be less favorable is relevant only
3  if it would completely deprive plaintiffs of any remedy or would result in unfair treatment." Tuazon
4  v. R.J. Reynolds Tobacco Co., 433 F.3d 1163, 1178 (9th Cir. 2006). A defendant's burden to
5  establish competency is minimal. See Creative Tech., 61 F.3d at 701. However, some showing is
6  necessary. See id. at 701-03.

7  The Court first considers whether Defendant T-Systems has met its burden to establish the
8  existence of an adequate alternative forum. T-Systems contends that Germany is an adequate
9  alternative forum for this action because T-Systems is amendable to service in Germany and German
10 courts can competently decide Plaintiffs' claims. (Motion at 12.) In addition, there is pending
11 litigation in Germany between SSC and T-Systems regarding alleged breaches of the T-Systems
12 Agreement, and Plaintiffs' claims in this suit are "merely repackaged breach of the T-Systems
13 Agreement claims . . . ." (Id.)

14 Although, it is undisputed that there is an ongoing contract dispute between SSC and T-
15 Systems in Germany, Plaintiffs' claims in this action are distinct from a breach of the T-Systems
16 Agreement. SST's tortious interference claim against T-Systems and Plaintiffs' unfair competition
17 claim against both Defendants are independent of the T-Systems Agreement. Despite that fact, T-
18 Systems makes no showing that German courts provide a potential remedy for the type of injury
19 alleged under Plaintiffs' interference with contracts and unfair competition claims. The only
20 information provided to the Court regarding Germany as an adequate alternative forum is that there
21 is currently a contract dispute concerning the T-Systems Agreement being litigated in Germany.
22 Thus, the Court finds that T-Systems has failed to satisfy its burden to show the existence of an
23 adequate alternative forum for the claims asserted in this case.

24 Accordingly, the Court DENIES Defendant T-Systems' Motion to Dismiss on the basis of
25 *forum non conveniens*.

10

## V.  CONCLUSION

The Court DENIES Defendant T-Systems' Motion to Dismiss

Dated:  July 9, 2009

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Bruce Charles Piontkowski bpiontkowski@tingleyllp.com
Elise Ruth Vasquez evasquez@ropers.com
Harmeet K. Dhillon harmeet@dhillonsmith.com
Harold Palmer Smith psmith@dhillonsmith.com
Michael J. Ioannou mioannou@rmkb.com
Michael R. Turco turco@butzel.com

**Dated:  July 9, 2009**                                    **Richard W. Wieking, Clerk**

                                                             **By:   /s/ JW Chambers                    **
                                                                    **Elizabeth Garcia**
                                                                    **Courtroom Deputy**